**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DONNELL M. DYER-EL,
      Petitioner,

v.                                                                                   Civil Action No. 3:20cv995

UNITED STATES OF AMERICA &
JUSTIN ANDREWS,
      Respondents.

## MEMORANDUM OPINION

Donnell M. Dyer-El, a District of Columbia Code Offender incarcerated in the Federal Correctional Complex in Petersburg, Virginia, proceeding *pro se*, submitted a 28 U.S.C. § 2254 Petition. (ECF No. 1.)[1] The government filed its opposition. (ECF No. 10.) As explained below, Dyer-El's claims are either not cognizable in the present § 2254 Petition or are barred by the relevant statute of limitations.

## I. THE COURT'S PRIOR OPINION

The Court has previously denied a 28 U.S.C. § 2241 petition filed by Dyer-El. *Dyer-El v. Bolster*, No. 3:19cv365, 2020 WL 3513695, at *1 (E.D. Va. June 29, 2020), *reconsideration denied*, No. 3:19cv365, 2020 WL 6386864 (E.D. Va. Oct. 30, 2020), *appeal dismissed sub nom. Dyer-El v. United States*, 848 F. App'x 142 (4th Cir. 2021), *and appeal dismissed sub nom. Dyer-El v. United States*, 831 F. App'x 656 (4th Cir. 2020). In the prior Memorandum Opinion, the Court summarized some of the procedural history of Dyer-El's criminal convictions and this Court's limited jurisdiction to entertain any claims by Dyer-El challenging those convictions.

Specifically, with respect to Dyer-El's criminal convictions, the Court noted:

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

On January 30, 1998, a jury in the Superior Court for the District of Columbia convicted Dyer-El of first-degree murder while armed, possession of a firearm during the commission of a crime of violence ("PFDCCV"), carrying a pistol without a license ("CPWL"), and obstruction of justice. (ECF No. 10–5, at 2.) On March 27, 1998, the Superior Court sentenced Dyer-El to the following consecutive periods of incarceration: 30 years to life for first-degree murder; 5–15 years for PFDCCV, 20–60 months for CPWL, and 15 years to life for obstruction of justice. (*Id.*) Thereafter, Dyer-El filed an unsuccessful Motion to Vacate Conviction pursuant [to] D.C. Code Section 23–110. (*Id.* at 2–4.)

On May 15, 2019, Dyer-El filed his § 2241 Petition in this Court. (ECF No. 1.) By Memorandum Order entered on May 29, 2019, the Court required Dyer-El to file his petition on the standardized form for 28 U.S.C. § 2241 petitions. (ECF No. 4.) On June 13, 2019, Dyer-El filed his § 2241 Petition on the standardized form and raised the following claims for relief:[2]

> Claim 1 "The presentence report reveals that the Judgment and Commitment Order is a perjured document, based on dismissed and abandoned grand jury indictment-information, that was later presented to the new trial court judge as information-indictment, based on a misdemeanor offense, and should have been sentenced as such." (ECF No. 6, at 6.)
>
> Claim 2 "Ineffective assistance of counsel of four defense counsel had repeatedly been reappointed without any evidentiary hearings between each new reappointment of defense attorney(s) when a pro se claim of conflict of interest was filed to the trial/sentencing court judge." (*Id.* at 8.)
>
> Claim 3 (a) "There was a post-deliberation juror substitution that was down-played by the trial judge . . . it was later learned that this is a serious violation of the petitioner's right of an unanimous verdict that was glossed over the D.C. Superior Court of Appeals. (*Id.*) (b) "This ground was not presented effectively by" (i) trial counsel; (ii) appellate counsel; or (iii) post-conviction counsel. (*Id.*)
>
> Claim 4 "An uncounseled post-verdict plea offer was made to the petitioner from the government that violated the 5th and 6th Amendments that went unrecorded by the sentencing court. The petitioner wrote to the judge to accept the plea and got no response the from court about this issue." (*Id.* at 9.)

2020 WL 3513695, at *1–2 (footnote omitted).

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Dyer-El's submissions.

The Court also summarized the relevant law with respect to post-conviction motions by inmates convicted in the D.C. Superior Court as follows:

> "An inmate who is incarcerated in federal prison pursuant to a conviction from the D.C. Superior Court is generally considered a 'state' prisoner for purposes of habeas relief in federal court." *Wheeler v. Rivera*, No. 2:14CV00064 KGB/JTR, 2015 WL 7731473, at *2 (E.D. Ark. Apr. 23, 2015) (citing *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011); *Tyree v. Lindsay*, No. 1:06–CV–0112, 2007 WL 3231802 (M.D. Pa. Oct. 31, 2007)), *report and recommendation adopted*, No. 2:14CV00064KGBTR, 2015 WL 7738002 (E.D. Ark. Nov. 30, 2015). "A prisoner who is convicted and sentenced by the District of Columbia Superior Court may seek collateral review pursuant to D.C. Code § 23–110(a), which authorizes a motion to vacate on the ground that the 'sentence was imposed in violation of the Constitution of the United States[.]'" *Id.* (quoting D.C. Code § 23–110(a)). That "statute goes on to provide that a habeas petition challenging the same sentence 'shall not be entertained' by a federal court 'unless it also appears that the remedy by [D.C. Code § 23–110(a)] is inadequate or ineffective to test the legality of his detention.'" *Id.* (alteration in original) (quoting D.C. Code § 23–110(g)). Thus, the courts agree that D.C. Code 23–110(g) "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23–110 remedy available to them, unless the petitioner could show that the section 23–110 remedy was inadequate or ineffective[.]" *Blair–Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (internal quotations marks omitted) (citation omitted).
>
> To show that the remedy under § 23–110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). "The United States District Court for the District of Columbia has recognized that challenges to the effectiveness of appellate counsel cannot be brought under section 23–110, thus holding that the remedy is inadequate and ineffective" for such challenges. *Inyangette v. Drew*, No. 6:11–3401–JFA–KFM, 2012 WL 4379041, at *4 (D.S.C. Feb. 16, 2012) (citing *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009)), *report and recommendation adopted*, No. 6:11–3401–MGL–KFM, 2012 WL 4380157 (D.S.C. Sept. 25, 2012).[3]

2020 WL 3513695, at *3 (alterations in original).

---

[3] "[A] remedy outside of section 23–110 exists, and a claim of ineffective assistance of appellate counsel must instead be raised through a motion to recall the mandate in the D.C. Court of Appeals. *Inyangette*, 2012 WL 4379041, at *4 (citing *Williams*, 586 F.3d at 1000.) "A D.C. offender can bring a claim of ineffective assistance of appellate counsel in federal district court, but only after he has moved to recall the mandate in the D.C. Court of Appeals." *Id.* (internal citations omitted) (citation omitted).

The Court then dismissed Dyer-El's claims for the following reasons:

> For Claims 1, 2, 3(a), 3(b)(i), and 3(b)(ii[i]), Dyer-El fails to coherently explain why the remedy afforded by D.C. Code § 23–110(a) is inadequate and ineffective. (ECF No. 6, at 5.) Instead, he merely repeats a version of his claims for relief and insists that he was denied the effective assistance of counsel. (*Id.*) Because Dyer-El fails to demonstrate that the remedy afforded by D.C. Code § 23–110 is adequate or ineffective to test his conviction, with respect to Claim 1, 2, 3(a), 3(b)(i), and 3(b)(iii), those claims will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.
>
> Claim 3(b)(ii) raises a claim of ineffective assistance of appellate counsel which is not barred under D.C. Code § 23–110(g). *Williams*, 586 F.3d at 1000. Such a claim, however, should be pursued pursuant to 28 U.S.C. § 2254. *Id.* at 1002; *Earle v. United States*, 987 F. Supp. 2d 7, 9–10 (D.D.C. 2013) (citing *Williams*, 586 F.3d at 1002; *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011)). If Dyer-El wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2254 to challenge his conviction, he must do so unequivocally and in accordance with the rules governing such actions.

2020 WL 3513695, at *3.[4]

## II.  DYER-EL'S CURRENT GROUNDS FOR RELIEF

Thereafter, Dyer-El filed his present § 2254 Petition.  In his § 2254 Petition, Dyer-El contends that he is entitled to relief on the following grounds:

> "Ground One:  The petitioner was transferred from [the] Lorton, Virginia prison system to the [Federal Bureau of Prisons ("BOP")] illegally." (ECF No. 1, at 5–6.)
>
> "Ground Two:  Ineffective assistance of counsel(s)." (*Id.* at 7.)
> (a) Sentencing counsel performed deficiently. (*Id.* at 7–8.)
> (b) Appellate counsel performed deficiently. (*Id.* at 8.)
>
> "Ground Three:  Prosecutorial misconduct." (*Id.* at 9.)
>
> "Ground Four:  Abuse of discretion." (*Id.* at 11.)

---

[4] This exception exists because, "[i]n the D.C. Court system, a prisoner can raise claims for ineffective assistance of appellate counsel only through a motion to the D.C. Court of Appeals to recall its mandate, not through a motion to the Superior Court under section 23–110." *Johnson v. Wilson*, 960 F.3d 638, 651 (D.C. Cir. 2020) (citing *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987)).

Once again, Dyer-El fails to demonstrate that the remedy afforded by D.C. Code § 23–110(a) is inadequate and ineffective to test his convictions for the majority of his claims. *See Blair–Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). Accordingly, Grounds One, Two (a), Three, and Four will be DISMISSED. As the Court previously noted, Dyer-El can bring claims of ineffective assistance of appellate counsel, like Ground Two (b), by a 28 U.S.C. § 2254 petition. Nevertheless, as explained below, the relevant statute of limitations bars Ground Two (b).

### III. <u>STATUTE OF LIMITATIONS</u>

A 28 U.S.C. § 2254 petition filed by an inmate convicted in the Superior Court of the District of Columbia is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d). *Champion v. United States*, 947 F. Supp. 2d 84, 87 (D.D.C. 2013). Specifically, § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On February 17, 2000, the District of Columbia Court of Appeals ("DCCA") affirmed Dyer-El's convictions and the denial of his first motion under D.C. Code § 23–110. (ECF No. 10-2, at 2–5.)

On October 23, 2002, Dyer-El filed a *pro se* motion to recall the mandate of the DCCA. (ECF No. 10-3, at 1.) On November 12, 2002, the DCCA denied Dyer-El's motion to recall the mandate. (ECF No. 10-4, at 2.)

Thereafter, between 2005 and 2007, Dyer-El continued to pursue various motions in the Superior Court of the District of Columbia, DCCA, and the United States District Court for the District of Columbia challenging his convictions. (*See* ECF No. 10, at 5.) As relevant here, on April 19, 2006, the United States District Court for the District of Columbia denied a petition for a writ of habeas corpus filed by Dyer-El. (ECF No. 10-11, at 2.) On February 20, 2007, the United States Court of Appeals for the District of Columbia denied Dyer-El's a certificate of appealability. *Dyer v. United States*, No. 06–5185 (D.C. Cir. Feb. 20, 2007). On June 14, 2007, the United States Court of Appeals for the District of Columbia denied Dyer-El's petition for rehearing. *Dyer v. United States*, No. 06–5185 (D.C. Cir. June 14, 2007).

Dyer-El did not file any further relevant motions until September 2, 2014, when he filed a "complaint," in the United States District Court for the District of Columbia. Complaint 1, *Dyer v. Police Officers*, No. 1:14cv2097 (D.D.C. filed Sept. 2, 2014). The United States District Court for the District of Columbia dismissed the action and noted:

> "In order for [the plaintiff] to overcome [a] procedural bar" which prevents him from filing another motion in the Superior Court under D.C.Code § 23–110, he asks this Court for "a[ ] certificate of appeal[ability] under 28 U.S.C. § 2253(c)[ ], and p[u]rsuant to the D.C.Code § 23–110(g) motion." Compl. at 2. The Court cannot grant the relief requested. The plaintiff cannot obtain relief in this federal district court to circumvent the rulings of the Superior Court.

*Dyer v. Police Officers*, No. 1:14cv2097, 2014 WL 7140512, at *1 (D.D.C. Dec. 5, 2014) (alterations in original).

Here, Dyer-El had one year from the date his convictions became final to his present § 2254 Petition. Dyer-El's convictions became final on Wednesday, May 17, 2000, when the time to file a petition for a writ of certiorari expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1).

Additionally, under § 2244(d)(2), the limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review" was pending. 28 U.S.C. § 2244(d)(2). Even if the Court tolled the statute of limitations from May 17, 2000, until the conclusion of Dyer-El's first handful of collateral challenges to his convictions on June 14, 2017, the one-year statute of limitations would still bar Ground Two (b). This is so because almost seven more years passed before Dyer-El filed any relevant post-conviction challenge. Accordingly, Ground Two (b) is barred by the relevant statute of limitations unless Dyer-El demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or some equitable basis for avoiding the limitation period. Neither Dyer-El nor the record indicate Dyer-El is entitled to a belated commencement of the limitation or any equitable basis for avoiding the limitation period. Accordingly, Ground Two (b) will be dismissed.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Dyer-El's claims and the action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

7

Date: 29 June 2022
Richmond, Virginia

_/s/_

John A. Gibney, Jr.
Senior United States District Judge